**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERVIN MIDTON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No.: 2:16-cv-01214-GMN-NJK |
| ) | |
| HUMAN BEHAVIOR INSTITUTE, LTD, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 10), filed by Defendant Human Behavior Institute, Ltd. ("Defendant"). Pro se Plaintiff Ervin Middleton ("Plaintiff")[1] filed a Response, (ECF No. 16), and Defendant filed a Reply, (ECF No. 17). For the reasons discussed below, the Court GRANTS in part and DENIES in part Defendant's Motion.[2]

**I.    BACKGROUND**

This case arises from Plaintiff's receipt of prerecorded telephone messages initiated by Defendant. (*See* Compl. ¶¶ 6–29). Plaintiff alleges that he has been listed on the national Do Not Call registry since August 2014. (*Id.* ¶ 29). Nevertheless, Plaintiff claims he received a

---

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Also pending before the Court is Plaintiff's Motion to Strike, (ECF No. 18), which asks the Court to strike Defendant's Reply as untimely filed. Pursuant to LR 7-2(c) and FRCP 6(d), Defendant had ten days to file its reply. However, because the tenth day fell on Saturday, July 9, 2016, pursuant to FRCP 6(a)(l)(C), Defendant had until July 11, 2016, to file its reply. Defendant timely filed its Reply on July 11, 2016, and the Court therefore DENIES Plaintiff's Motion to Strike.

Plaintiff also filed Motion to Amend, (ECF No. 13), which seeks leave to file an amended complaint to correctly name Defendant as Anis Abi-Karam, Ltd. Defendant does not oppose this Motion. (*See* Resp., ECF No. 14). Further, because Plaintiff filed his Motion to Amend within twenty-one days of Defendant filing its Motion to Dismiss, Plaintiff does not require leave of the Court to amend his Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1). The Court therefore GRANTS Plaintiff's Motion to Amend. The Court nevertheless considers Defendant's Motion to Dismiss as Plaintiff merely seeks to correct the case caption.

series of unsolicited voice messages "with an automated dialer" from Defendant beginning on November 2, 2015. (*Id.* ¶ 6). Plaintiff alleges he returned Defendant's call at the number provided, "informed Defendant that he had reached the wrong number and instructed him not to call again." (*Id.* ¶¶ 7–9). Plaintiff alleges he received another call from Defendant on January 18, 2016, which he returned in the same manner. (*Id.* ¶¶ 10–13). Plaintiff alleges that despite these requests, "Defendant called Plaintiff's phone number with an automated dialer again" on January 21, 2016, January 25, 2016, and February 1, 2016. (*Id.* ¶¶ 15–17).

After this series of calls, Plaintiff alleges he mailed Defendant an "Intent to Sue certified letter," which was received by Defendant on February 8, 2016. (*Id.* ¶ 18). That same day, Plaintiff alleges he received another call from Defendant with an automated dialer. (*Id.* ¶ 20). Based upon these allegations, Plaintiff filed the instant suit in state court asserting Defendant violated the Telephone Communications Act, 47 U.S.C. § 227, *et seq.*, and the Telemarketing and Consumer Fraud and Abuse Act, 16 C.F.R. § 310.4. On June 1, 2016, Defendant removed the case to this Court. In the instant Motion, Defendant seeks dismissal of all of Plaintiff's claims.

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). The Court need not accept as true those allegations that contradict facts properly subject to judicial notice. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.   DISCUSSION

#### A.   TCPA

Congress enacted the TCPA amid outrage from consumers "over the proliferation of intrusive, nuisance [telemarketing] calls to their homes." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). "Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls. The Act bans certain practices invasive of privacy and directs the Federal Communications Commission (FCC or Commission) to prescribe implementing regulations." *Id.* at 371. "The FCC's interpretations of TCPA are controlling unless invalidated by a court of appeals." *Olney v. Job.com, Inc.*, No. 1:12-cv-01724-LJO, 2014 WL 1747674, at *4 (E.D. Cal. May 1, 2014); *see also* Hobbs Act, 28 U.S.C. § 2342, *et seq.*; *Huricks v. Shopkick, Inc.*, No. C-14-2464 MMC, 2015 WL 5013299, at *2 (N.D. Cal. Aug. 24, 2015), *appeal dismissed* (Jan. 26, 2016) ("[C]ourts defer to the FCC's interpretation of a term in the TCPA, so long as the term is 'not defined by the TCPA' and the FCC's interpretation is 'reasonable.'").

Pursuant to its granted authority, the FCC previously issued regulations prohibiting "calls made by automated telephone dialing systems and artificial or prerecorded voice messages" unless there was an emergency or the called party provided her prior express consent. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 7 F.C.C. Rcd. 8752, 8755 ¶ 5 (Oct. 16, 1992); *see also* 47 U.S.C. § 227(b)(1)(A) (prohibiting any call using an automatic telephone dialing system or an artificial or prerecorded voice "other than a call made for emergency purposes or made with the prior express consent of the called party").

In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls under the TCPA, requiring "prior express *written* consent" for most automated telemarketing calls to wireless numbers and residential lines. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1838 ¶ 20 (Feb. 5, 2012) (hereinafter, "2012 Order"). The FCC codified the 2012 Order at 47 C.F.R. § 64.1200(a), which states, in relevant part:

> (a) No person or entity may:
>
> \* \* \*
>
> (3) Initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party, unless the call;
>
> \* \* \*
>
> (v) *Delivers a "health care" message made by, or on behalf of, a "covered entity" or its "business associate," as those terms are defined in the HIPAA Privacy Rule, 45 CFR 160.103.*

47 C.F.R. § 64.1200(a)(3)(v) (emphasis added); *see also Tel. Consumer Prot. Act of 1991*, 77 Fed. Reg. 34233, 34246 (June 11, 2012).

Defendant argues that its calls are exempted under the exception articulated in § 64.1200(a)(3)(v). (Mot. to Dismiss ("MTD") 11:12–13, ECF No. 10). Initially, Defendant asserts that, as a behavioral health organization, it is a health care provider and thus a "covered entity"[3] under HIPAA. (MTD 10:1–2). Next, Defendant contends that it initiated the calls to deliver a "health care message"; namely, as an appointment reminder to a patient who provided

---

[3] HIPAA defines "covered entity" as:

> Covered entity means:
> (1) A health plan.
> (2) A health care clearinghouse.
> (3) A health care provider who transmits any health information in electronic form in connection with a transaction covered by this subchapter.

45 C.F.R. § 160.103.

Plaintiff's telephone number as his or her number. (*Id.* 10:2–5); *see also* 45 C.F.R. § 160.103 (defining "health care" as "care, services, or supplies related to the health of an individual").

Plaintiff does not dispute that Defendant qualifies as a "covered entity" that "deliver[ed] a 'health care' message" within the meaning of the exception. *See* 47 C.F.R. § 64.1200(a)(3)(v). Rather, Plaintiff argues that a different exception articulated in a more recent FCC order supplants the 2012 Order. (*See* Compl. ¶ 27); (Resp. 3:6–8, ECF No. 16). In that order, the FCC created a safe harbor from the consent requirement for certain "exigent" calls to wireless telephone numbers that have a "healthcare treatment purpose" and "are not charged to the called party." *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, 8030–31 ¶¶ 143, 146 (July 10, 2015) (hereinafter, "2015 Order"). To qualify for the exception under the 2015 Order, healthcare providers are required to offer call recipients "interactive voice–and/or key press-activated opt-out mechanism that enables the call recipient to make an opt-out request prior to terminating the call" and "must honor the opt-out requests immediately." *Id.* at 8032 ¶ 147.

The parties do not dispute Plaintiff's allegation that Defendant's message failed to include an op-out mechanism and that Defendant failed to immediately honor Plaintiff's opt-out request. However, Defendant argues that the 2015 Order only applies to calls to wireless telephone numbers, not residential landlines. The Court agrees. Other courts have recognized that the FCC's statutory scheme distinguishes between wireless telephones and landlines. *See, e.g.*, *Beiler v. GC Servs. L.P.*, No. 1:13-cv-869, 2014 WL 5531169, at * 4 (M.D.N.C. Nov. 3, 2014) ("[T]here are clear exemptions for autodialed debt-collection calls to residential landlines, but not for autodialed debt-collection calls to cell phones."); *Cartrette v. Time Warner Cable, Inc.*, 157 F. Supp. 3d 448, 458 (E.D.N.C. 2016) (same); *Aranda v. Caribbean Cruise Line, Inc.*, 179 F. Supp. 3d 817, 825–26 (N.D. Ill. 2016) (explaining the difference in the statutory scheme between calls to landlines and cellular phones); *see also* 2015 Order, 7971 ¶ 8

(noting "the TCPA's heightened protections for wireless consumers").  Moreover, the language of the 2015 Order clearly applies to wireless telephones, not landlines. *See* 2015 Order, 30 F.C.C. Rcd. at 7971 ¶ 9 ("[I]f a caller uses an autodialer or prerecorded message to make a non-emergency call *to a wireless phone*, the caller must have obtained the consumer's prior express consent or face liability for violating the TCPA.") (emphasis added).

Plaintiff admits that "[n]one of the calls in question were made to the Plaintiff's cell phone." (Resp. 3:8, ECF No. 16).  Accordingly, the 2012 Order—not the 2015 Order—applies.  The Court finds, and Plaintiff does not challenge, that the Health Care Exception articulated in the 2012 Order exempts Defendant's calls from TCPA liability in this case.  The Court therefore GRANTS Defendant's Motion to Dismiss with respect to this claim and dismisses Plaintiff's TCPA claims with prejudice, as no amendment can cure this deficiency.

### B.     The Telemarketing Act

The Telemarketing and Consumer Fraud and Abuse Prevention Act authorizes the FTC to promulgate rules and regulations prohibiting abusive telemarketing acts and practices. *See* 15 U.S.C. § 6102(a)(3).  The FTC has enacted its Telemarketing Sales Rule ("TSR") pursuant to its responsibilities mandated in 15 U.S.C. § 6102. *See* 16 C.F.R. § 310.  Plaintiff's Complaint alleges Defendant violated § 310.4(b)(1)(iii)(A) of the TSR, which states in relevant part:

> (1) It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to engage in, or for a seller to cause a telemarketer to engage in, the following conduct:
>
> (iii) Initiating any outbound telephone call to a person when:
>
> (A) That person previously has stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the seller whose goods or services are being offered . . . .

16 C.F.R. § 310.4(b)(1)(iii)(A); (*see also* Compl. ¶ 37).  Plaintiff alleges that despite his first voicemail message following Defendant's November 2, 2015 call alerting Defendant that

Plaintiff was not its intended call recipient and asking to receive no further calls, Defendant initiated at least another five calls to Plaintiff. (Compl. ¶¶ 6–20, 37). These claims sufficiently allege that Defendant violated the TSR.

Defendant argues that as with the TCPA, it is exempted from liability under the TSR as a health care provider. (MTD 12:15–17). On this issue, Defendant points out that the FCC intended its 2012 Order regarding the TCPA to "maximize consistency with the Federal Trade Commission's (FTC) analogous Telemarketing Sales Rule (TSR)." 27 F.C.C. Rcd. 1830, ¶ 1. The 2012 Order goes on, however, to clarify that "entities subject to the authority of both agencies need only comply with the *FTC's more restrictive requirements* to ensure compliance with both agencies' rules." *Id.* ¶ 14 (emphasis added). Indeed, while one section of the TSR exempts health care providers from liability under that section, 18 C.F.R. § 310.4(b)(1)(v)(D), § 310.4(b)(iii)(A) does not articulate any such exception. The Court therefore finds that Defendant has failed to demonstrate that it is exempted from liability under that section.

Defendant also argues that its conduct cannot violate the TSR because it does not meet the definition of "telemarketing." (MTD 12:25–13:3). According to the TSR, "[t]elemarketing means a plan, program, or campaign which is conducted to induce the purchase of goods or services . . . by use of one or more telephones and which involves more than one interstate telephone call." 16 C.F.R. § 310.2(gg). Defendant conclusory asserts that "calling a patient's telephone number and leaving an appointment reminder for an appointment already scheduled by the patient" does not satisfy this definition. (MTD 12:27–13:1). Without more, the Court declines to find that this activity was not "conducted to induce the purchase of . . . services." 18 C.F.R. § 310.2(gg). Accordingly, the Court DENIES Defendant's Motion to Dismiss with respect to Plaintiff's allegations under the Telemarketing Act.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 10), is **GRANTED in part and DENIED in part**. Plaintiff's Complaint is **DISMISSED with prejudice** with respect to Plaintiff's claims under the TCPA. Plaintiff's claims under the Telemarketing Act survive.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend, (ECF No. 13), is **GRANTED**. The Court directs the Clerk of Court to correct the case caption to identify Anis Abi-Karam, Ltd., not Human Behavior Institute, Ltd., as the defendant in this case. Plaintiff is not granted leave to file an amended complaint, as doing so is unnecessary to remedy this defect.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike, (ECF No. 18), is **DENIED**.

**DATED** this __10__ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court